131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Betty JETT, Sherry Bailey, Sue Tate and Gloria Hunt,
Plaintiffs-Appellants,
v.
LONGS DRUG STORES, Defendant-Appellee.
 No. 96-16932.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Oct. 9, 1997.
Decided Nov. 17, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-94-4116-CAL; Judge Charles A. Legge, District Judge, Presiding
 Before: GOODWIN, FLETCHER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former employees of a drug store bought by the chain of Longs Drug Stores appeal the district court's dismissal of their claims under the Age Discrimination in Employment Act at the summary judgment stage. Specifically, appellants argue that the reasons given by Longs for not hiring them as clerk-cashiers were pretextual. We affirm.
 
 
 3
 The Age Discrimination in Employment Act ("ADEA") provides, in pertinent part: "It shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).
 
 
 4
 This court has long applied the familiar burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny to claims of disparate treatment under the ADEA. See, e.g., Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990). The basic allocation of burdens and order of presentation of proof for ultimately prevailing on such claims at trial follow three steps:
 
 
 5
 [A] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.
 
 
 6
 Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (quoting Lowe v. City of Monrovia, 775 F.2d 998, 1005 (9th Cir.1985), as amended, 784 F.2d 1407 (1986)).
 
 
 7
 As we recently reiterated, to satisfy the burden of demonstrating pretext sufficiently to survive summary judgment, a plaintiff "must produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [plaintiff's] discharge is false, or (b) that the true reason for his discharge was a discriminatory one." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1996) (emphasis in original), cert. denied, 66 U.S.L.W. 3172 (U.S. Nov. 3, 1997) (No. 97-364). In this case, the employees established a prima facie case of age discrimination and sought to survive summary judgment by producing sufficient evidence to show that Longs's alleged reasons for declining to hire them as clerk-cashiers were false.
 
 
 8
 Appellants's main argument regarding pretext was that the reasons advanced by Longs for not hiring them shifted over time. This court has noted that "the fact that a defendant's rationale has shifted over time would seem likely to generate serious adverse inferences as to the pretextual nature of its explanations." Norris v. City and Count of San Francisco, 900 F.2d 1326, 1331 (9th Cir.1990); see also Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993) ("[I]n the ordinary case, such fundamentally different justifications for an employer's action would give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that neither of the official reasons was the true reason.").
 
 
 9
 However this court has also noted that, in order to be considered "shifting reasons," rationales for the employment decision which might have changed over time must not only be different but "incompatible." Nidds, 113 F.3d at 918 (comparing lack of work for layoffs in general with lack of seniority and poor performance relative to other mechanics for plaintiff's layoff specifically); see also Ritter v. Hughes Aircraft Co., 58 F.3d 454, 459 (9th Cir.1995) (holding that plaintiff's "prior dismissal for cause" was "not inconsistent" with "his final layoff due to reduction in workforce").
 
 
 10
 Here, appellants produced evidence that Longs initially gave each of the four of them the same reason for not hiring them, but that the reasons changed over time for three of them. While we note that the reasons did shift for three of the four appellants, the reasons advanced as to each of them were not inconsistent or incompatible.
 
 
 11
 Appellants also proffered data to demonstrate that several individuals hired by Longs as clerk-cashiers were under the age of 18, and that the average age of all those hired for those positions during the relevant time period was 29.5 years. This court has made it clear that a "disparate treatment plaintiff may rely on statistical evidence to establish a prima facie case or 'to show that a defendant's articulated reason for the employment decision in question is pretextual.' " Lowe, 775 F.2d at 1008 (citing Diaz v. American Tel. & Tel., 752 F.2d 1356, 1362-63 (9th Cir.1985)).
 
 
 12
 However, defendants here countered with examples of older employees who were retained or hired, and as the district court noted, there were no statistics making comparisons to percentages of under- and over-forty workers in the workforce. Thus, we conclude that the district: court was correct in deciding that appellants' proffer insufficiently demonstrates that Longs's reasons were pretextual.
 
 
 13
 For these reasons, we hold that appellants failed to produce sufficient evidence to support an inference that Longs's alleged reasons for declining to hire them as clerk-cashiers were pretextual.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3